Betty Ann MORRIS, Plaintiff,

v.

**COMMUNICATIONS SATELLITE CORPORATION, Defendant.**

Civ. A. No. 88–3480.

United States District Court, District of Columbia.

June 16, 1993.

See also 773 F.Supp. 490.

Kathleen A. Dolan, Kennedy and Dolan, Daniel B. Edelman of Yablonski, Both and Edelman and Joseph M. Sellers, Washington Committee for Civil Rights Under Law of Washington, D.C., Washington, DC, for plaintiff.

Robert J. Smith and Neal D. Mollen of Morgan, Lewis and Bockius, Washington, DC, for defendant.

*ORDER*

CHARLES R. RICHEY, District Judge.

Before the Court are two Reports and Recommendations by Magistrate Judge Patrick J. Attridge regarding the amount of fees owed to counsel for the Defendant and Plaintiff in the above-captioned case. The Court held a hearing in this case on May 24, 1993, at which time it heard argument from the parties. After careful consideration of the Magistrate's two Reports and Recommendations, any written objections filed by the parties, the arguments made by the parties at the hearing, and the entire record in this case, the Court shall grant fees to the Plaintiff's counsel and deny fees to the Defendant's counsel.

The Plaintiff's Complaint alleges employment discrimination on the basis of age and race under 42 U.S.C. § 1981 and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* The Court closed the action after it was informed that a settlement between the parties had been reached; however, the Plaintiff later advised the Court that she had never authorized the settlement agreement that was entered into in this case. After referring this matter to Magistrate Judge Attridge for a hearing, the Magistrate found that the settlement agreement was enforceable. *See* Report and Recommendation of January 5, 1993. This Court adopted the Magistrate's Report and Recommendation on that issue. *See* Order of February 18, 1993. Subsequently, this Court referred two other matters for a Report and Recommendation to Magistrate Judge Attridge of this Court: the Defendant's Motion for Fees and Costs and the question of how much of the settlement award should go to the Plaintiff's counsel under the retainer agreement that was entered into between the Plaintiff and her attorneys at the beginning of this case.

The Magistrate filed a Report and Recommendation on March 29, 1993 recommending that $56,633, together with expenses of $640, be awarded to the Plaintiff's attorneys out of the settlement. As no party has filed objections to the Report and Recommendation of March 29, 1993, the Court shall accept the findings of the Magistrate on this issue and

adopt this Report and Recommendation as its findings of fact and conclusions of law. Local Rule 504(c).

The settlement agreement in this case provides that the Defendant shall issue one check to the Plaintiff, who shall then pay any amount owed to her attorneys under the retainer agreement. However, at the hearing before the Court, the Plaintiff was unable to say whether she would cash any settlement check sent to her by the Defendant, despite the fact that this Court has already upheld the settlement that was negotiated in this case. Because the Plaintiff's attorneys are afraid that they will not receive any of the fees owed to them by the Plaintiff if she refuses to accept the settlement check, the Plaintiff's attorneys have filed a petition with the Court requesting that the Court permit a modification of the settlement agreement to allow the Defendant to send the portion of the settlement that is owed to Plaintiff's counsel directly to them. *See* Petition for Order Directing Payment of Attorney's Fees, filed May 26, 1993. This Petition has not been opposed. Therefore, in order to insure that the Plaintiff's attorneys receive the money that this Court has determined that they are entitled to in this case, the Court shall modify the settlement agreement to permit the Plaintiff's attorneys to be paid directly by the Defendant.

On April 2, 1993, The Magistrate filed a second Report and Recommendation advising that the Defendant's Motion for Attorneys' fees and costs, incurred by it to enforce the settlement agreement, be denied. In his Report, the Magistrate concluded that the Defendant is not entitled to fees because the Plaintiff did not act in bad faith in challenging the validity of the settlement agreement.

The Defendant's filed timely objections to the April 2, 1993, Report and Recommenda-

tion.[1] The Defendant claims that the Magistrate applied the wrong legal standard of "bad faith" to evaluate the Plaintiff's conduct because he mistakenly believed that this suit was filed solely under the ADEA. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). The Defendant notes that the Plaintiff also filed suit under 42 U.S.C. § 1981, which provides for fees where a party has taken a position during the litigation that is "unreasonable and without foundation," *see Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978); *Bass v. Southwestern Bell Tel. Inc.*, 817 F.2d 44 (8th Cir. 1987). Therefore, the Defendant argues that the Magistrate should have applied the *Christianburg Garment* standard to determine whether the Defendant is entitled to attorneys' fees. Finally, the Defendant says that, in light of this Court's earlier finding that the Plaintiff agreed to a settlement of this case,[2] this Court must conclude that the Plaintiff's position regarding the enforcement of the settlement was unreasonable and award attorneys' fees and costs.

The Court does not agree with the Defendant because it finds that the Magistrate's conclusion is supported by his factual findings. The Magistrate concluded that the Plaintiff's actions were not motivated by bad faith. However, he also went on to conclude that the Plaintiff:

> had second thoughts about her financial situation and concluded in good conscience that since she had not yet signed any documents she could still proceed with the litigation. Her subsequent conduct, although stubborn and ill-advised, was prompted by an honest mistake concerning the nature and extent of her responsibilities. Nor do I find that her conduct was vexatious or wanton. Vexatiousness is de-

---

1. A party may file written objections to a Magistrate Judge's Report and Recommendation and such objections "shall specify the portions of the proposed findings and recommendations to which objection is made...." Local Rule 504(b).

2. The Magistrate found that Ms. Morris, "with full knowledge and information, expressly authorized her attorneys Edelman and Sellers to nego-

tiate settlement of her claim against COMSAT; [and] that she was fully informed at each stage of the negotiations," Report and Recommendation of January 5, 1993, at 9–10, and that she simply changed her mind later. This finding was part of the Magistrate's Report and Recommendation regarding the enforceability of the settlement agreement, which was adopted by this Court on February 18, 1993.

fined is Black's Law dictionary as "without reasonable or probable cause or excuse.... As discussed above, her actions were not without reasonable excuse ...

Report and Recommendation of April 2, 1993, at 4–5. The Court agrees with the Magistrate Judge and makes the *de novo* determination, based on the record before the Magistrate, that the Plaintiff made an honest mistake regarding the effect of her agreement and the extent of her responsibilities. The Court adopts the Magistrate's April 2, 1993 Report and Recommendation as its findings of fact.[3] Furthermore, the Court concludes that this finding is, in no way, inconsistent with the Magistrate's Report and Recommendation of January 5, 1993, adopted by this Court, concerning the validity of the settlement agreement. Given this factual finding, the Court concludes that the Defendant is not entitled to attorneys' fees under either the "bad faith" or the *Christianburg Garment* standard and that the Defendant's Motion for Attorneys' Fees and Costs must, therefore, be denied.

Accordingly, it is, by the Court, this 16 day of June, 1993,

ORDERED that, pursuant to Local Rule 504(c), the Court adopts the Magistrate's Report and Recommendation of March 29, 1993; and it is

FURTHER ORDERED that, pursuant to the retainer agreement entered into between the Plaintiff and her attorneys, the Plaintiff's attorneys shall receive the sum of $56,633 as attorneys' fees, together with expenses of $640; and it is

FURTHER ORDERED that the Petition for an Order Directing the Payment of Attorney's Fees shall be, and hereby is, GRANTED and it is

FURTHER ORDERED that the Defendant shall send a check directly to the Plaintiff's attorneys for this money, and the Defendant shall send the remainder of the settlement to the Plaintiff; and it is

FURTHER ORDERED pursuant to Local Rule 504(c), the Court makes the *de novo* determination that the Defendant is not entitled to any award of fees in this lawsuit; and it is

FURTHER ORDERED that the Defendant's Motion for Attorneys' Fees and Costs shall be and hereby is DENIED; and it is

FURTHER ORDERED that, as all the pending matters in this lawsuit have been resolved, the above-captioned case shall be, and hereby is, DISMISSED from the dockets of this Court.

---

3. A Judge shall make a *de novo* determination of those portions of a Magistrate Judge's findings and recommendations to which objection is made. Local Rule 504(c). A Judge may make a determination based solely on the record developed before the Magistrate or may conduct a new hearing and receive further evidence. *Id.*